Nott, J.,
concurring :
In this case two claimants, having several interests in a common property, have united in one petition. As the petition was first drawn the demand was joint, but since the trial the claimants have been permitted to sever, and now" each asks a separate judgment. As to one of these claimants, we are all agreed that he has made out his case and is entitled to judgment; as to the other, we are equally divided in opinion. The question now is, whether this several judgment for the one claimant can be rendered without prejudice to the rights of' the other.
If it were not for the doubts expressed by my brother Peck, I confess that none would have occurred to my own mind. The court is-here sitting as a special tribunal, bound by no restrictions of form, and for the mere purpose of determining three questions of fact, which* when determined, will entitle the claimant to a specific fund held for his benefit by the defendants. The case, therefore, is not an action at. law, nor analogous to an action at law,-but is a special statutory proceeding, and in principle as in substance an ordinary suit in equity.
Now, if a suitor were seeking an undivided share of a specific fund in equity, it would be not merely his right but his duty to make the *224 other parties in interest parties in the proceeding. In an ordinary court of equity this would be done by making them co-defendants with the stakeholder; but under the statute that course could hardly be pursued, and the only remaining course, therefore, would be to make them co-claimants. This course has actually been pursued by the court in Turner’s case, at the present term, where an adverse party ■applying and claiming to be the true owner of the fund was allowed to interplead. In an ordinary proceeding at equity he would have been .joined as a co-defendant; under the statute he'was admitted as a co-claimant.
In equity there would be no principle that I am aware of which would forbid a court from directing a receiver to pay over to one party his share of the fund in court when his rights were determined, reserving all questions appertaining to the remainder of the fund for further decision, and'an order to be entered at the foot of the decree; espe-’ cially might this be done where all of the parties to the proceeding con•sent. Such I understand to be the case here. The defendants are •only interested in having the statutory grounds of the- claimants’ rights established, and they do not object; the co-claimant Padelford comes into court by his counsel and expressly consents. It is only therefore, a question of regularity on the part of the court.
This question of regularity, I think, cannot affect the rights of any party, and will be fbund wholly immaterial if analyzed. For in any ■event the court will have to render two judgments in effect, and to issue'for payment at the treasury (if they are favorable to both claim■ants)- two certificates of judgment. It does now determine the several rights of the first claimant, and, in any event, will have to issue a certificate to him; and jt will have to determine the several rights of the ■other claimant, and then render a judgment for or against him. Whether these two judgments for these different parties are rendered oh the same day and included in the same order, or whether they are rendered ■at different times and announced by several orders appears to me not even to affect the regularity and certainly not the rights of any party.